Filed 3/20/15  P. v. Rose CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061479 |
| v. | (Super.Ct.No. SWF1302514) |
| WADE ELDEAN ROSE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Mandio, Judge. Affirmed.

Eric Cioffi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant Wade Eldean Rose guilty of inflicting corporal injury on Jane Doe, a cohabitant (Pen. Code, § 273.5, subd. (a)[1]; count 1) and

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

using force on Jane Doe resulting in serious bodily injury (§ 243, subd. (d); count 3). The jury also found true that in the commission of count 1, defendant personally inflicted great bodily injury on Jane Doe (§ 12022.7, subd. (e)).[2] Defendant was sentenced to a total term of three years in state prison. Defendant appeals from the judgment. We find no error and affirm.

## I

## FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of August 5, 2013, law enforcement received several calls from a woman stating she was being held against her will. Riverside County Sheriff's Deputy Brian Burgess responded to the calls, and on his second visit, he noticed a camper trailer on the back of the property and heard some audible noise. Deputy Burgess knocked on the door of the trailer and defendant answered. When defendant opened the door, the deputy heard a female crying somewhere within the trailer and ordered all the occupants out of the trailer. Defendant and Jane Doe exited the trailer, and Deputy Burgess separated them until a backup unit arrived. Deputy Burgess noticed that Jane had several visible injuries and that she was limping. Deputy Burgess also heard defendant tell Jane that he did not "mean for things to go as far as they did."

---

[2] The jury was unable to reach a verdict on count 2, false imprisonment of Jane Doe (§ 236), and the great bodily injury enhancement attached to count 3. The court later dismissed count 2 and the great bodily injury enhancement attached to count 3.

After backup arrived, Deputy Burgess interviewed Jane alone.[3] Jane, while crying, reported that defendant, her former boyfriend, had physically assaulted her resulting in her injuries. She also stated that defendant had given her a bloody nose, causing blood smears in the bedroom of the trailer. She further asserted that the injuries to her arms and legs were the result of defendant kicking her and that blood marks on the walls of the trailer were from defendant dragging and pushing her down the hall. Deputy Burgess took photographs of the trailer and the injuries to Jane. Jane had bruising, abrasions, scrapes, cuts, and swelling on her face, arms, legs, and back areas.

Deputy Burgess examined the photographs he took of the blood splatter and smears inside the trailer. Based on his training and experience in analyzing blood evidence, Deputy Burgess opined that the blood evidence in the trailer was recent and did not occur five or six hours prior to his contact with Jane at 2:00 a.m. Deputy Burgess also concluded that Jane's injuries appeared recent, explaining that Jane's bruises began to deepen and discolor from the time of his arrival until Jane's transport to the hospital. Based on his expertise in accident reconstruction, Deputy Burgess further opined that Jane's injuries were inconsistent with an ATV accident.

---

[3] The audio recording of the interview was transcribed and played for the jury at the time of trial.

Jane testified at trial and recanted her statements to Deputy Burgess. She claimed that her injuries were the result of an ATV accident that occurred during the day of August 4, 2013. She explained that she was riding an ATV with defendant and his friend, Theresa Venable, and that during the ride, she had crashed her ATV and got very "banged up."

James McDonald, an investigator with the Riverside County District Attorney's office, testified that he had spoken with Jane after the incident. Jane informed the investigator that defendant had asked her to lie about what had occurred on the day of the incident.[4] Jane also told the investigator that defendant had asked her to say that she had sustained her injuries during an ATV accident while out riding with defendant and his friend, Theresa.

In defense, defendant's friend Theresa Venable testified and confirmed that defendant and Jane rode ATV's on a Sunday in August 2013. Venable stated that Jane had crashed her ATV into a pillar and that she had observed some injuries to Jane's forearms.

Following trial, on June 6, 2014, the jury found defendant guilty of inflicting corporal injury on Jane (§ 273.5, subd. (a); count 1) and using force on Jane resulting in serious bodily injury (§ 243, subd. (d); count 3). The jury also found true that in the commission of count 1, defendant personally inflicted great bodily injury on Jane (§ 12022.7, subd. (e)).

---

[4] The audio recording of the interview was transcribed and played for the jury at the time of trial.

On June 20, 2014, the trial court sentenced defendant to the middle term of three years on count 1. The court struck the great bodily injury enhancement attached to count 1 in the interest of justice. The court also imposed a middle term sentence of three years on count 3, but stayed that sentence pursuant to section 654. The court awarded defendant a total of 23 days for presentence custody credits.

## II

## DISCUSSION

Defendant appealed from the judgment, and we appointed counsel to represent him on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.